Gentlemen, if you would identify yourselves for the record, please. Welcome back, I suppose, I should say. Yes, it's déjà vu all over again. Good morning. I'm Alvin Becker. And again, Mr. Becker, because I recall during your last oral argument you charged me with staying up at night to think of questions to play gotcha with. Well, you folks must have stayed up all night to bring us this portion of the appeal at the present time. I charge you with that. I accept. Respectfully, Mr. Reeses and I, and you all know Michael Reeses, we don't know who gets to talk first. Could you help us? You didn't tell us that you settled, since you were both standing up there so sweetly. But that's not to be. So good sense hasn't triumphed? Or have you already settled and refused to tell us with the objective of improving your condition by this appeal? That's both dishonorable and contemptuous if we were to have done that. So, respectfully, we've got to answer questions, but who goes first? I think we're going to ask questions. Well, I was rethinking of that a little bit. Maybe we ought to give the petitioner five minutes and the respondent five minutes, and we'll skip the rebuttal. The rebuttal will be based on our questions. We probably will keep interrupting you, which is nothing new to either of you. Morning, and for the defendant appellee and petitioner, Mike Reeses. We raise two grounds in our petition for rehearing. The first is that a new arbitration is now moot because State Farm paid the judgment at Plaintiff's request during the appeal. Now, that happened six months or more before your first brief was filed. Is that right? It was paid in September. It was paid after the notice of appeal was filed, but before any of the briefs were written. Correct. Okay. Correct. The second ground is that the plaintiff cannot claim that the arbitrator exceeded his powers when the record shows that it was Plaintiff's trial counsel, not Mr. Becker. I want to make that clear. Now, I think... That disclosed the limits. We may want to put a closure on that argument right now, and if I could locate it. We found the transcript of oral argument, and I hope I have it here because it would have a nice dramatic effect. Otherwise, we'll just have to take our word for it that both of you denied any firm knowledge as to who was responsible for that disclosure. You were each asked that question in turn by Justice McBride, and you each responded that you don't know. Judge, I cannot produce an affidavit from the arbitrator. That would be a violation of the agreement, okay? But I can tell you. I can tell you. Well, can you? I can tell you what the... Maybe you can, but the question is, may you tell us? Because it's not part of our record. And who has the burden, excuse me, who has the burden of showing that there was error and not error of the self-inflicted kind or the error that's injected into the proceedings? It is the appellant's burden. That remained a mystery, and your arguments were not made in the direction of that fact or question or issue. No one raised that as an issue, but you raised it as part of the background, that there is a mystery as to who broke the... arbitration agreement by disclosure. And even in your current post-opinion petition, the question, it still remains a question of fact. You're each going back and forth at each other as to who was more responsible. What are we to do now, convene a jury for you and allow testimony? Just on the record, excuse me, on the record, we sent a letter on April 27th, did not reference the ADR agreement. And our motion, to clarify, did not reference that agreement, and the agreement was not attached as an exhibit. Plaintiff's trial counsel sends the ADR agreement on May 3rd. Our motion... Can you now argue, let's assume that that actually happened as you wish or know that it happened. That's what the record says. Well, can you now raise it in the face of each of your disclaimers as to who caused the breach by snitching on the high-low agreement? Judge, aren't you stopped at this point from having us consider that? I'm just pointing out what the record shows, and I think in the petition I'm able to argue that the court misapprehended, I think Rule 367 actually uses the word misapprehended, something in the record. I would misapprehend your overt denial of any knowledge to determine for us from which we would be able to determine who breached the agreement. Justice, I cannot speak from personal knowledge, but what I say and whatever disclaimer I make doesn't change what the record shows. The record shows the plaintiff's argument was premised on the high-low. Our position is very simple. We owe 50% liability, and I'm indebted to the court for pointing out that it was liability and not fault, 50% liability for $550,000. Our argument is simple, $275,000. We don't have to talk about the high-low. We don't have to talk about whether the award is within the high-low. Our argument is very simple, 50% of $550,000, $275,000. Counsel's argument is different. He has to say 50% of $550,000 owed and something else that's within the $250,000 low and the $600,000 high. I have no reason, my client has no reason to disclose the high-low. His client has to show that whatever is owed is still within that $250,000, $600,000. Now, what I was trying to convey, and maybe I am an imperfect instrument and I didn't do it as clearly as I should have, was that I can't stand here as an officer of the court and say with 100% conviction that that is the only way it could have happened. I can tell you, based on the record and the written submissions, that we did not disclose it and that clearly, as of May 3, it was disclosed. You're tempting me to call a recess to ask my law clerk to bring me the page that was covered, that covered that portion of your oral argument where you are understating grossly with all the deference to you because I'm not used to understatements or overstatements from you ever and I've seen you here a lot. And one of the impressions that's firmly etched in my mind is that you don't exaggerate either way. And here you are grossly understating your disclaimer as to who caused the breach. Justice Gordon, I will simply stand then on what I said in my petition on that point. I won't belabor the point any further. Whatever the transcript shows, I'm sure the transcript shows. What about the $275,000 payment and the condition with which Mr. Becker or whoever was representing Plaintiff at the time accepted that payment? Why is it moot? Because the acceptance of the $275,000 was with the condition that we are not, we are accepting this with the expectation that we will receive more if we prevail on the appeal. Yes. Well, that point is not moot. It is not moot for the court to decide whether or not we owe $275,000 or whether we owe $275,000 plus something else. That point is not moot. What is moot is, with all due respect, the courts Going back to another arbitration proceeding Yes. Because that was not what the plaintiff expected. You didn't expect it. No one expected it. Because Maybe we were clearly erroneous when You didn't know. No, I mean maybe our decision was clearly erroneous when we concluded that the trial court should have sent this back for clarification. Perhaps we were clearly erroneous in that the trial judge should never have sent this back initially for a clarification of the award. Well, that is something that I have not heard. And, of course, we would have to have a full briefing if that were to occur. But I can tell you Except that Rule 367 says there is only one petition for re-hearing. And even if we were to change our ruling where the other side would then want to file a petition, the Maggio case issued by the Supreme Court forbids a second petition for re-hearing. Right. And so you have to stand on what you brought to us today. Yes. Yes, I do. And the new arbitration is moot because plaintiff by accepting the 275 would risk a lesser recovery on a possible new arbitration when the lower bound is 250. Let's talk about that for a little bit. Yes. First, your petition generously cites the provision in the letter sent by the plaintiff to, I guess, was it to Mr. Ergo? Yes, Mr. Ergo. In which he states that acceptance of the 275,000 shall in no way affect the previously filed appeal as to the balance of the fund we believe are still due and owing under the original award issued by Judge Casciato as the arbitrator in this case. Yes. That difference will have to be decided by the appellate court. Now, here we have an acceptance, but it's not an unqualified acceptance. It's an acceptance that at least can arguably imply a condition. The condition being that the appeal will still be open with respect to the remainder of the $550,000. I understand you not to contest. Your issue is what if it goes back to an arbitrator? What if they get lost? That's why I would say up until about the last decision, we don't have to change anything. Will that waive the appeal under the doctrine, we want to call it that, that an acceptance of payment which could possibly be reduced in the event of an appeal waives the appeal? Yes. Even if the parties, so to speak, accept the terms. And the terms were the plaintiff is in control of his own appeal. He is the captain of his ship. He can decide what issue to raise. He can decide what relief will be sought. He was under no compulsion to accept that payment. He wrote to us. But if he accepts it and verbalizes to you before you finalize payment, which is when this letter was sent because he had destroyed the two checks or whatever and asked you to rewrite the check based on this letter, your client will shortcut it by saying you, knowing obviously it wasn't you, that you weren't wearing 10 hands. But if you agreed to those terms, why should those terms now result in a forfeiture of the appeal? He has not forfeited his appeal. He got an appellate ruling that said that he was not entitled to 184,750 on top of 250. What he forfeited was his right to a new arbitration. He got everything that he bargained for. He got appellate review of the one issue that he wanted. There is no law dealing with forfeiture of arbitration. The law which you cite and correctly cite includes in Illinois the Davis case, which is Justice McNulty's opinion, and certain cases from foreign jurisdictions, one southern second case and one Idaho case. And those are cases plus a variety of subsidiary type of supportive cases in Illinois that all deal with forfeiture of appeals, not forfeitures of arbitration. There is no law concerning forfeiture of arbitration. And frankly, I'm not about to invent one, nor would I project my colleagues. To me, there's no difference between whether we're talking about a new trial, a new evidentiary proceeding in an eminent domain case, because I think we cited a couple of cases that dealt specifically with eminent domain. Davis versus Casey recognized that the appeal is not moot when the plaintiff would not risk a lesser recovery on remand. And that's why I think that that part of what you decided last time is not moot. You decided you couldn't decide what the result of the arbitration is either. You're presuming that he's going to get less. You're saying the possibility that he's going to get less. And the cases talk about a hazard, hazarding a lesser recovery. There's no analysis as to the likelihood of that lesser recovery. It's just the possibility. And here we have what was a bargain for high-low agreement. Explain what you consider to be the rationale for that rule. Because I think what you're talking about right now deviates from where I expected your rationale to guide you. Because I would have thought that if you were going to reject the notion that it's waivable by the parties, in that they could agree to an appeal notwithstanding that the benefits voluntarily conferred or accepted might exceed the result of a negative ruling in the appeal, that it might have something to do with advisory opinions. Yes. And if that's the case, where do you come to talk about arbitration? And where can you come to talk about partial, that the appeal is partially still effective? It seems, frankly, like you're having some problems assimilating this notion to your case. No, I think it applies very clearly because, look, he decided he didn't, if he wanted to ask for a new arbitration, he couldn't, okay, as part of his relief. He couldn't. And then Are we bound by the fact that he didn't? Yes. You mean we Well, let me That on appeal we can't decide that the relief which you request is inappropriate? Not if I substituted relief? Let me finish by saying, if you had not accepted the 275, I would agree with you under Rule 366A.5, you could award any relief that would be appropriate as long as it's not moot. But when he took the 275 under no compulsion, when he voluntarily accepted the benefit of a judgment, he waived any right to a new proceeding, waived any error resulting from the first So you're saying it was his burden to let us in on that? No, I said he made a selection, and his selection was to only ask for 184 But who is the beneficiary of that selection? Excuse me, he's the beneficiary No, no, no, you're the beneficiary of that argument. You're saying since he received the benefit, he was barred from accepting an appeal that could expand on his own voluntary self-limitation. So who is the beneficiary of that theory? You are. In an adversarial system, who would then bear the burden of challenging that rule? When? You would. Since you're reluctant to answer that, I'm going to answer for you. And if you would, at what point in time should you have alerted us to it? Should you be able to withhold that information, so as to put the court, and I'm not talking about ourselves individually, but the adjudicative process to the unwarranted burden of deciding whether or not to accept an appeal. But before you answer that question, let me just suggest that my view is that since neither side had asked for the remand, that it simply asked this court to decide a finite issue, that it was at least arguably fairly not anticipated by either side that that fact would be in any way pertinent to any decision that we were being asked to render. Can I stand on that answer? I mean, honestly, with 20-20 hindsight, you know, the first, when I stepped up here last October, and Justice McBride asked me, first question was something along the lines of, can't you just, you know, split the difference? I should have said, with 20-20 hindsight, Justice McBride, I already paid 275. Mr. Reeses. No, no, really. Mr. Reeses, at the risk, or perhaps under the impression that Justice Epstein may very well be, you know, may very well hold to those views even after this argument is concluded, might I still ask you whether, as how many years of experience do you have doing this kind of thing, maybe not standing up to this kind of insult, but you have, what, 25 years of experience? Twenty-eight going on 29. As the experienced appellate lawyer that you are, would you not be able to anticipate that when you ask for relief that is limited on an either-or basis, either that there might be some other form of relief imposed that may, in fact, diminish the likelihood that you would be able to get the amount recoverable by your opponent? I think I'm entitled to rely on the rule of Davis v. Casey, and when an opponent comes to me, or since we're using me as the shortcut, and says, I'll take the judgment now, but my appeal will only be over the 184, and then he files a brief that says, I'm asking for 184, and then in his reply brief he comes back and says, I never wanted a new arbitration, that it would be inappropriate for me to come up here or in a brief say, well, we already paid 275, because to what point is that really relevant, Justice Gordon? I mean, honestly, how was I supposed, how would anybody be able to say if the dispute is 184 versus, or 459 versus 275, that we should have, either party should have anticipated that the court would decide that a new arbitration. I think it's mootness. Why don't you tell us, if you can, what alternative we have if we should decide that the factual issue is so evenly balanced that it requires new evidence or new determinations of a sort that an appellate court, that would be inappropriate for an appellate court, but more appropriate for a trier effect? It sounds to me as though, on the first issue, that if we're assuming that the arbitration is now a moot point, because we don't get to the second issue, how confident could you be that the issue posed by the arbitrator's clarified award was resolvable on a factual basis by this court? And if not, what then recourse would this court have to grant relief, whether requested or not, that resolves this appeal? I would rely on the well-known presumption that the burden of showing error is on the appellant, and that based upon the record as it stands, this court cannot make any determination as to whether or not that error was injected into the proceedings by either the appellant or the appellee. And then I would further point out the disclosure of the high-low. And then finally, I would say that going back to the issue that the court did not address, which is whether or not there was a gross error of law, I would finally rely on the well-settled rule that says that it has to be apparent from the face of the award and not based upon any separate and distinct from the award, and that here the appellant, with the burden, did not show a gross error of law that was evident on the face of the award. And for that reason, respectfully, we would ask you to affirm. But here we have, and again, I don't want to harp on that, nor be sarcastic by saying, you know, Brutus is an honorable man. But here you are, two of the leading appellate lawyers in town, which may be saying more than a little bit for the appellate lawyers in town, or maybe not enough. Who knows? At any rate, both of you are standing up here, and neither of you are writing a word in your briefs about who blew the whistle, nor making any argument about it. And what are we supposed to do? Scratch into the hidden recesses of your record to pull out a fact that might conceivably give us an idea, and then probably withstand the notion that neither of you were asking for it in the first place. Justice Gordon, I, what I say in my brief, I say based upon a record citation. If I cannot cite to a part of the record for something I'm saying, I'm not saying it. I don't say it when it comes to whether or not we paid $275 before the first brief was filed, and I don't say it when I would otherwise be accusing my opponent of something that was a breach of the agreement. All I can do is fall back on the record. And all I can do is fall back on presumptions that attach to the appellee as the prevailing party. And we should make something clear here, because this whole argument, if your position has any merit, would net you the glorious additional amount of $25,000, because you would still be on the book for $250 based on your high-low agreement. Yes. Yes, that's right. So we're talking about $25,000. Well, we're talking about whether it's affirmed or not. Yeah, but that's the amount in controversy. That's right. That's right. I agree with you on that. And we've used up most of your five minutes. Yes. I will stand on the petition and the response to the motion, and since I won't have a rebuttal, I just want to say that... You will have the equivalent of a rebuttal, because I'm sure we'll have some questions. But if you have something else you'd like to say... I just wanted to say that we are appreciative of the fact that we've been granted a second argument in this case, something that I think the opposing counsel and I discussed ahead of time was something that neither of us had experienced in probably our cumulative 50-some years. And whatever the result, we know that we had a full hearing on it. Thank you very much. Thank you, Mr. Reeser. Mr. Becker, your five minutes begins now. The issue is whether you get a sentence out before Justice Gordon asks a question. Well, should I address that first? I think the more important thing for me to say is you asked Mr. Reeser how long he's been doing appellate work. We know you've done it longer. Last Saturday was my 50-year law school reunion. With that, I should be able to sit down. I think it is important, and nobody has uttered this, and I was thinking about this last evening, in that how are any of these... How does it interplay with the provision in the Illinois Constitution that everybody is entitled to one appeal in a civil case from a final judgment? It seems to me you need to look at all of these judge-made rules, at least in that kind of a context, because it seems to me... Are you challenging the voluntary acceptance of benefits that could diminish an appeal as being a... I didn't put it in writing any place. I thought it occurred to me last evening that how did the two of these mesh. But what did occur to me, and what I did put in writing is, and I bottomed this on the Leslie case, in lay the matter of Leslie, that I would never challenge Mike Reeser's veracity. I know him to be not only a good lawyer, but an honorable one, and we should put that all aside. Well, the Leslie case has one line in there citing from another case that seems to be of some significance, because it doesn't say that these matters should, to moot the case, it might have to occur before, or not to moot the case, that it should occur before the filing of the notice of appeal. Instead it says that if it occurred before the appeal is resolved, which would seem to impose a burden to make known the factors that could moot the appeal as long as the appeal is still pending, even if those events occurred after the notice of appeal is filed. Is that what you want? Yes. You can sit down now. Thank you. The other point I would like to make is that all of the cases, however many or few there are, with regard to accepting the benefits of the judgment, with the possibility that if you get a reverse and remanded, it is possible that you may take less, and therefore you've in effect waived your right to take that kind of an appeal. In every one of those cases, that issue was brought to the attention of the appellate tribunal before there was an adjudication on the merits of the case. So is it possible to waive the right to waive? The answer clearly is yes. And that's what I think occurred in this case. Well, but there's no authority for that. There's a problem with that because the Davis case doesn't seem to give high regard to the fact that the parties may have had an understanding that they will still have a right to appeal, notwithstanding the voluntary acceptance of benefits, and says even the court can't save your bacon, so to speak, by saying that your right to appeal will still remain. And I think that kind of points us in the direction of advisory opinions, which is basically one of the rationalia for mooting, for applying a mootness doctrine. Comment very briefly on the condemnation cases that have been cited. It seems to me from those reported decisions where the authority for the ruling goes to condemnation treatises and journals, that is something peculiar about condemnation law, I believe, so that when the government, who is the condemnor, pays the money to whomever they pay it, whatever public officials, the money is withdrawn, and the government goes into possession, that's a whole different kind of a ballgame than we have in this private litigation here. And I don't think those cases apply. And I don't have anything else to say. Now, I've got a question for you, and presumably your poet Mr. Resus may want to address that, too. What happens now if we don't vacate the judgment based on the fact that you now have a new arbitration with an acceptance of a sum that may be reduced? What's the prognosis? You'd have to return that. That's been done. There's a term for that. Excuse me, I spoke over you. I apologize. I would refer the court to that body of case law whereby a judgment debtor may voluntarily pay a judgment, appeal, have the judgment reversed, and may maintain an action, yes, I'm a 50-year lawyer on the common counts for money he hadn't received. And so there is a remedy for it. There's authority for it. And it seems to me that I've tried to answer your question the best I can. Along those lines, and I'm throwing these questions out because I think Mr. Resus might have some input on it, could we basically modify our order to in effect raise the floor of the high-low agreement, which will still apply against the new arbitration, won't it? In remanding this for new arbitration, subjected to the condition that the recovery shall in no event be less than a certain amount, based on the first factual finding? Because the reason for the remand, obviously, was the fact that we now have an arbitrator who knows too much. He's not supposed to know about the high-low agreement. He now knows about it. He's tainted. But that only applies to the clarification, not to the initial determination that the total amount of the damage was $550,000. Could we not in some way preserve that first determination, his pre-tainted ruling, and only subject the arbitration to the evaluations of the post-tainted clarification? One, maybe this particular arbitrator didn't know enough rather than he knew too much. And second, remember your first observation when you came out here this morning, Justice Gordon, that I accused you of staying up at night to ask these vexing questions? That's a very profound question, and frankly... That response only works once. And frankly, to answer that question, I would prefer not to do that. My opinion is the answer is probably. And I'm sorry that I can't be more specific. I'm supposed to be able to answer all your questions. Should I let you write something on it? Well, the problem with something is... Well, do you understand that if there were a new arbitration, I don't get the impression that either of you are bound by the previous agreement that you entered into before that arbitration, or are you? Very good question. I'm not sure. I don't know why the so-called mulligan would void the arbitration agreement. The question, although, is I think they agreed that it would go before this particular arbitrator, and if you lost that arbitrator, that may be the essence of the agreement. It's too difficult a question to answer just like that, and I apologize that I can't. But I can't! I mean, there's authority where if you have an arbitrable forum, they go out of business. I have one final question. The whole agreement fails. In a situation where someone like yourself and your opponent don't know what will happen,  First observation. I think on the 40 seconds I've had to think about this, I think a remand on the condition that you have observed or asked me to comment on is something within the power and authority of the court under Rule 366, and that's my answer. Thank you. Thank you, Mr. Becker. Maybe four or five minutes? Well, first of all, I don't think the waiver considerations which bind litigants vest the court with jurisdiction to render an advisory opinion or grant relief that's moot. And the fact of the matter is that I don't think the court has the authority to unilaterally raise the lower bound Well, the reasoning would start with the notion that there was nothing wrong as such, nothing taint as such, in the arbitrator's initial determination except for the fact that it begged for clarification. Since he both uses the total amount and has the 50% on each when in fact it's not 50% on the low end of the high low. So there's no obvious defect but for its confusing, a confusing aspect in it in the arbitrator's initial determination evaluating the total damages to $550,000. That's clear. Yes. You know? Nor was it challenged, that figure challenged by either side. Oh, that's true. But you know what, Mr. Reese, I agree. I don't think the rules would allow or authority allow us to implement such a change in an opinion without further briefing in any event. So I do not believe that that would happen. I think one problem is, you know, the court started off Mr. Becker is looking like that would be a sentence imposed by the appellate court. I mean, the court's decision Is there any option of entering the matter of plea cause? I mean, the court's decision is you want, you know, you're saying you're trying to return the parties to the position they were in before the original arbitration commenced. And honestly, you can't do that anymore. You can't do that anymore. And you can't do it for the reasons that I think have been gone into at great length today. And I appreciate that the court is creatively trying to fashion some type of curbside equity or something to Well, it's basically to try and do through the imprimatur of legality that which you folks are refusing to do voluntarily, which is to talk. I mean, Mind you, I'm not directing you to do that. I understand that. I understand. I understand. But I guess the way I come down and the way I think we have to look at this is that, you know, litigants But when we entered that opinion, just remember that at that time, we were made aware that the arbitrator at the time of the second arbitration had been made aware of something that the agreement of the parties indicated should not have been informed of. Right. And when we heard this case on oral argument, we were not aware at all that a $275,000 payment had been made. Correct. So, you know, everything could be different, but it's not. And so when we entered that opinion, we weren't aware of this critical fact that you've now brought up in your petition for re-hearing, asking us to, you know, render everything moot because of something that I think the parties knew but we didn't know. Well, what's moot is the relief. Yes, the relief. Potentially, you could have relief that would cause a problem. Yes. Potentially, you would have relief that causes no problem whatsoever. Well, that aspect of the decision where you said they're not entitled to the $184,000, that's not moot. That's what he was entitled to get a ruling on. And when counsel says that under the Constitution, he's entitled to a remedy, well, he was entitled to review on that one issue. Is it $184,000 plus the $275,000? He said no. He was not entitled to that. You fashioned a remedy that, quite frankly, is advisory at this point because he's already collected more than he might get on remand. And it may be $25,000, but it doesn't matter. But for the fact that we were unaware. That's right. And it was not brought to us by either of the parties, which may, and that's one of the things here that we brought you in for, and it hasn't been very productive in that regard, is whether the mootness factors can be forfeited basically under Supreme Court Rule 341. I think it's clear that jurisdiction cannot be created by waiver or estoppel, and the fact that this is being brought to your attention, I mean, it's being brought to your attention. Jurisdiction is not the same. Well, we're talking about jurisdiction to grant relief. We're not talking about jurisdiction to hear the appeal. I'm talking about jurisdiction to grant relief. Listen, those considerations which apply to me or to apply to opposing counsel when we represent litigants, courts don't have any jurisdiction to enter an advisory opinion or to grant relief that's moot, and that's what we have here. And I will say respectfully, through no fault of the parties, because we understood what the appeal was about was one issue, and that was the plaintiff's direction. It was this election. And he got that ruling. It wasn't in his favor, and I think that's where the matter is. Yeah, but we're missing something here. What you're missing is you're saying that our ruling brought all of this to bear. In point of fact, it was the deal you made in conferring the benefit of $275,000. Regardless what we would do, it would now be moot if we were to buy into your argument that a voluntary acceptance of benefits moots the appeal. It would have been mooted even if we affirmed or reversed or did what might have been the more conventional thing, because our appeal would be blocked. No, it would not. Excuse me. If you were ignorant of it, and I don't use that word disparagingly, as we would, because it would not have been tested by the particular kind of relief that we granted. But if the court says a plaintiff is not entitled to the $184 extra, okay, that part of it was never moot. No, no, no. But that, if we're going to buy into your argument, into the Davis argument, there is no appeal at all. Once a benefit is accepted that could exceed what would be forthcoming in the event of an appeal, and you can't limit the appeal the way you choose to that particular differential. Suppose you said, you know what, he isn't entitled to the $184. He says, if he says that, I'm sorry, if you had decided that he's entitled to the $184,750 on top of the $275 we paid, we'd be writing a check, wouldn't we? We wouldn't say, oh, that was moot, because even Davis recognizes that it, even Davis says, you know, if he's not going to get less, if he's not going to get less, he can pursue the appeal. I think if the horse is not dead, it's an extremist. I want to thank both lawyers for this enlightening presentation. I wish we had known then what we know now, but we will take it under advisement and issue a ruling in due course. Thank you, gentlemen. Thank you.